**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **Raymond Orrand, Administrator,** *et al.* <br> Plaintiffs, <br> v. <br> **HAYTHORNE LOGISTICS,** <br> Defendant. | **Case No. 2:11-cv-79** <br> **Judge Peter C. Economus** <br> **MEMORANDUM OPINION AND ORDER** |

This matter is before the Court for consideration of Plaintiffs' Motion for Default Judgment. (Dkt. 14.) Plaintiffs are the Administrator and Trustees of the Ohio Operating Engineers Health and Welfare Plan, Ohio Operating Engineers Pension Fund, Ohio Operating Engineers Apprenticeship Fund, and Ohio Operating Engineers Education and Safety Fund (the "Funds"). They filed this case against Defendant Haythorne Logistics pursuant to a collective bargaining agreement, alleging that Defendant has failed to comply with the fringe benefit contribution and audit requirements of their agreement. Although Defendant was served with process on March 16, 2011 (Dkt. 11), it has neither moved nor pled in response to the Complaint. On April 11, 2011, the Clerk of Court entered default against Defendant (Dkt. 13) and Plaintiffs filed a motion for default judgment (Dkt. 14). Defendant has not responded to the motion.

Under Federal Rule 55(b)(2), the Court may enter default judgment in cases when a sum certain amount or damages have not been ascertained. In this case, an affidavit executed by Raymond Orrand, Administrator of the Funds, indicates that Defendant has failed to permit Plaintiffs to perform an audit of its books and records to ascertain the fringe benefit contribution owed by Defendant, if any. (Dkt. 12-2.)

It is hereby **ORDERED** that judgment be entered in favor of Plaintiffs and against Defendant Haythorne Logistics as follows:

1. Defendant is required to submit to an audit performed by Plaintiffs for the audit period of May 1, 2009 to present; specifically, Defendant shall produce to Plaintiffs all the books and records which are necessary for determining the hours worked by, and wages paid to, Defendant's employees who were covered by the labor agreements during the period May 1, 2009 through the present;

2. All sums found to be due and owing as a result of such audit;

3. Interest in the amount of 18% per annum, plus any additional interest incurred as long as the judgment remains unpaid;

4. An additional amount equal to the greater of interest on the unpaid contributions at the rate of 18% or liquidated damages not in excess of 20% of the unpaid contributions; and

5. Reasonable attorneys' fees and court costs.

This Court retains jurisdiction of this case pending compliance with its orders.

**IT IS SO ORDERED.**

                                                      **/s/ Peter C. Economus  -  May 12, 2011**
                                                      **UNITED STATES DISTRICT JUDGE**